UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| Law Offices of Kenneth G. Frizzell, III, Inc., | ) | |
| Plaintiff, | ) | Case No.: 2:14-cv-1531-GMN-VCF |
| vs. | ) | **ORDER** |
| Janice Smith; The Law Office of Janice E. Smith; Lloyd Brooks Compton, | ) | |
| Defendants. | ) | |

Pending before the Court is the Motion for a Preliminary Injunction, (ECF No. 15), filed by Plaintiff Law Offices of Kenneth G. Frizzell, III, Inc. Defendant Lloyd Brooks Compton filed a Response, (ECF No. 24), to which Plaintiff replied, (ECF No. 33). For the reasons set forth below, the Court will deny this Motion.[1]

This case centers upon allegations that Defendants have, *inter alia*, committed cybersquatting and trademark infringement by registering and operating the web site <theticketfixer.com>. (Compl., ECF No. 1).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22.

In the Ninth Circuit, "actual irreparable harm must be demonstrated to obtain a

---

[1] Plaintiff also filed a Motion to Strike a Declaration submitted in support of Defendant Brooks' Response. (ECF No. 42). However, after reviewing the Declaration at issue, the Court finds that its contents are immaterial to the instant disposition. Accordingly, Plaintiff's Motion will be denied as moot.

permanent injunction in a trademark infringement action." *Herb Reed Enterprises, LLC v. Florida Entm't Mgmt., Inc.*, 736 F.3d 1239, 1249 (9th Cir. 2013) *cert. denied*, 135 S. Ct. 57 (2014). "[T]he irreparable harm requirement for a permanent injunction in a trademark case applies with equal force in the preliminary injunction context." *Id.*; *see also Titaness Light Shop, LLC v. Sunlight Supply, Inc.*, No. 13-16959, 2014 WL 5017851, at *1 (9th Cir. Oct. 8, 2014) ("The fact that [the plaintiff's] reputation *might* be harmed by the marketing of [the defendant's] products did not establish that irreparable harm to [the plaintiff's] reputation is *likely*.") (emphasis in original). Accordingly, while "loss of control over business reputation and damage to goodwill could constitute irreparable harm," a court's finding of such harm cannot be "grounded in platitudes rather than evidence." *Herb Reed,* 736 F.3d at 1250.

Here, Plaintiff has failed to present any evidence demonstrating a likelihood of irreparable harm. Instead Plaintiff merely argues that Defendants have registered and utilized the allegedly infringing domain name in an attempt to "wrongfully assume the business identity of Plaintiff and defraud consumers." (Motion 9:13-15, ECF No. 15). Plaintiff also refers to what purports to be a screenshot of an online user comment page regarding "The Ticket Fixer." (Ex. 1 to Motion, ECF No 15). The precise source of the image is not clear, but Plaintiff states that it is "a Google review." (Motion 17:26-18:1). The review, which was ostensibly written by a user named "Kristina B.," presents a disjointed narrative claiming that Kristina B.'s husband was forced to serve jail time after his unnamed attorney arrived late to a hearing. (Ex. 1 to Motion). Plaintiff argues that this review is actually a reference to Defendants' law practice, and demonstrates that Defendants' operation of <theticketfixer.com> has caused consumer confusion.

However, even if the Court considered this unauthenticated, convoluted statement to be evidence of consumer confusion, it would nonetheless be unable to grant Plaintiff's Motion. In *Herb Reed*, the Ninth Circuit directly stated that evidence of consumer confusion could not, by

itself, warrant a finding of irreparable harm. *See Herb Reed*, 736 F.3d at 1250.  Indeed, the *Herb Reed* Court held that direct evidence of irreparable harm, such as a showing of loss of control over business reputation or damage to goodwill, is necessary before a court may impose a preliminary injunction in a trademark infringement case. *Id.*

Therefore, Plaintiff has failed to carry its burden because it has not provided evidence showing that it has suffered a loss of control over its business reputation, a loss of goodwill, or any other irreparable harm.  Accordingly, the instant Motion will be denied.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Preliminary Injunction, (ECF No. 15), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike, (ECF No. 42), is **DENIED as moot**.

**DATED** this 1st day of May, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court